IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHN PATRICK CULLEN
ADC #601347                                                                                    PLAINTIFF

V.                              NO. 3:22-cv-00265-DPM-ERE

MOSES JACKSON                                                                              DEFENDANT

### RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Chief Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.   Discussion:**

   **A.   Background**

Plaintiff John Patrick Cullen, an Arkansas Division of Correction ("ADC")

inmate, filed this federal civil rights lawsuit *pro se* under 42 U.S.C. § 1983.[1] *Doc. 1*. In his complaint, Mr. Cullen alleges that Warden Jackson: (1) failed to ensure Mr. Cullen's attendance at an October 13, 2021 telephonic court hearing in Federal Bankruptcy Court in violation of his due process rights;[2] and (2) opened legal mail outside of his presence in violation of his First Amendment rights.[3]

The Court has reviewed Mr. Cullen's complaint as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915A(a).[4] Mr. Cullen's complaint should be dismissed based on his failure to state a plausible constitutional claim for relief.

---

[1] Mr. Cullen originally filed this lawsuit in the Western District of Arkansas. The Clerk then transferred this case to this District. *Docs. 1, 3*. Mr. Cullen was housed in the ADC's Grimes Unit, located in the Eastern District, when the events giving rise to this lawsuit occurred.

[2] Mr. Cullen also complains that Defendant Jackson failed to ensure that he appeared at a hearing held in Federal Bankruptcy Court on August 19, 2021. *Doc. 1 at 4*. According to the papers attached to his complaint, on August 16, 2021, the Honorable Bianca Rucker, United States Bankruptcy Judge, issued an Order stating that Mr. Cullen had notified the Court that he would be unable to attend the in-person hearing scheduled for August 19, 2021. *Doc. 1-1 at 8*. Accordingly, Judge Rucker granted a continuance in that action. *Id*. Based on the papers attached to Mr. Cullen's complaint, as well as his factual allegations, Defendant Jackson does not appear responsible for Mr. Cullen's failure to appear at the bankruptcy hearing scheduled for August 19, 2021. Rather, Mr. Cullen could not appear because he was incarcerated.

[3] To the extent that Mr. Cullen alleges that Defendant Jackson's conduct violated ADC policy, that claim fails. The failure to follow prison policy is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr*., 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

[4] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

**B.     Standard**

To state a claim under 42 U.S.C. § 1983, Mr. Cullen must allege facts showing that a named defendant deprived him of a constitutionally protected federal right. *McKay v. City of St. Louis*, 960 F.3d 1094, 1099 (8th Cir. 2020). To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**C.     Due Process Claim**

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no State may "deprive any person of life, liberty, or property, without due process of law. . .." U.S. Const. Amend. XIV, § 1. In his complaint, Mr. Cullen claims that Defendant Jackson violated his right to due process because he failed to ensure his appearance at a telephonic hearing in a Chapter 7 bankruptcy case. *Doc. 1 at 4-5*.

Copies of court documents attached to the complaint show that Mr. Cullen was listed as an unsecured creditor in a Chapter 7 bankruptcy case, and he filed motions objecting to the debtor's discharge of his debt. *Doc. 1-1 at 18*. United States Bankruptcy Judge Bianca M. Rucker scheduled a October 13, 2021 telephonic hearing to address Mr. Cullen's motions.  According to Mr. Cullen, because Defendant Jackson failed to make sure he attended the October 13 hearing, Judge Rucker denied his motions.  However, the record shows otherwise.

On October 15, 2021, Judge Rucker entered an order denying Mr. Cullen's motions because he did not attend the October 13 hearing. *Id. at 21*.  However, on October 21, 2021, Mr. Cullen filed a motion to vacate, and he requested another telephonic hearing. *Id. at 22*.

On November 22, 2021, Judge Rucker held a second telephonic hearing, which Mr. Cullen attended, and she denied Mr. Cullen's motion to vacate for reasons stated on the record, in accordance with Federal Rule of Bankruptcy Procedure 7052. *Id. at 23*.

Even assuming that Defendant Jackson caused Mr. Cullen to miss the first hearing,[5] court records show that Mr. Cullen ultimately received a hearing, and he

---

[5] According to the grievance papers attached to his complaint, Mr. Cullen missed the hearing at issue "[d]ue to a conflict of scheduling." *Doc. 1-1 at 1*. About 10-15 minutes after ADC officials discovered this mistake, they attempted to contact the Bankruptcy Court. *Id*. However, they were unable to reach any court staff. *Id*.

alleges no facts suggesting that any conduct on Jackson's part deprived him of a liberty or property interest without due process. Accordingly, Mr. Cullen has failed to state a plausible claim that Defendant Jackson caused him to suffer a due process deprivation, and the Court should dismiss this claim.

D. **First Amendment Claim**

Based on the grievance papers attached to Mr. Cullen's complaint, on September 23, 2021, October 5, 2021, and October 15, 2021, mail addressed to him from attorney Stuart Miller and the Mitchell Williams Law Firm was opened outside of his presence. *Doc. 1-1 at 28, 29, 32*. Privileged legal mail is defined as "mail to or from an inmate's attorney and identified as such." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Mail to and from a court or opposing counsel does not fall under this narrow definition of privileged legal mail and, therefore, may be opened outside of the inmate's presence. See e.g., *Burgess v. Dormire*, No. 05-4111-CV-C-SOW, 2006 WL 1382317, *3 (W.D. Mo. May 17, 2006) ("[L]egal mail from the courts and opposing counsel do not come within the parameters of mail that is protected by the attorney-client privilege. The mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment.") (internal citations omitted) (citing *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981); and *Harrod v. Halford*, 773 F.2d 234 (8th Cir. 1985)).

The letters attached to Mr. Cullen's complaint plainly indicate that Mr. Miller was opposing Mr. Cullen, not acting as his representative. *Doc. 1-1 at 38, 40, 41.* Accordingly, Mr. Cullen has failed to state a plausible First Amendment claim for relief against Defendant Jackson.

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Cullen's § 1983 claims, over which the Court has original jurisdiction, be DISMISSED, without prejudice, for failure to state a plausible claim for relief. To the extent that Mr. Cullen seeks to pursue a negligence or other state law claim, the Court should decline to exercise supplemental jurisdiction and dismiss such claims without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).[6]

3. The Court certify that an *in forma pauperis* appeal would be frivolous and not taken in good faith and, in the future, this dismissal shall constitute a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Clerk be instructed to close this case.

Dated this 25th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] Under this statutory provision, a court may "decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction.".