IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHN PATRICK CULLEN                                    PLAINTIFF
ADC #601347

v.                            No. 3:22-cv-265-DPM

MOSES JACKSON, Warden,
Grimes Unit of the Arkansas
Division of Correction                                DEFENDANT

## ORDER

On *de novo* review, the Court adopts the Magistrate Judge's recommendation, *Doc. 6*, as modified and overrules Cullen's objection, *Doc. 7*. FED. R. CIV. P. 72(b)(3). Here's the modification. Cullen's complaint fails to state a due process claim. He alleges that that Warden Jackson (and his subordinates) were negligent in failing to ensure that he appeared at the Bankruptcy Court's 13 October 2021 telephone hearing on his objection to the debtor's discharge. *Doc. 1 at 4*; *Doc. 1–1 at 1*. Assuming they were, a person's due process rights are not violated by merely negligent acts. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). The Bankruptcy Court held a second hearing on Cullen's motion to vacate the Order denying his objection. But the record is too muddy to conclude that the later hearing is dispositive of his due process claim. Instead, the claim fails because, as he says, negligence prompted Cullen's absence from the first hearing.

Cullen's complaint will therefore be dismissed without prejudice for failing to state a claim upon which relief may be granted. His motion for transcripts of the bankruptcy proceedings, *Doc. 8*, is denied as moot.  The Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).  An *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

So Ordered.

D.P. Marshall Jr.
United States District Judge

20 December 2022

–2–